UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RICHARD BRIAN AKERS, individually,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,                                    **JURY DEMAND**
a national bank,

      Defendant.

_____/

## COMPLAINT

1.  Plaintiff RICHARD BRIAN AKERS alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendant WELLS FARGO BANK, N.A.  Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3.  This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4.  Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

**PARTIES**

5.    Plaintiff RICHARD BRIAN AKERS is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.  Said Plaintiff is the user of the cellular telephone that Defendant was calling.

6.    Defendant WELLS FARGO BANK, N.A. ("Wells Fargo") is a national bank that uses, among other things, an automated telephone dialing system to engage in the collection of consumer debts.

7.    Wells Fargo operates from offices located at 420 Montgomery Street, San Francisco, CA 94163.

**FACTUAL ALLEGATIONS**

8.    In June 2005, Plaintiff purchased a home in Broward County, Florida.

9.    Plaintiff financed this purchase with HEWITT MORTGAGE SERVICES, LLC, and executed a note and mortgage in favor of the same.

10.   In September 2005, HEWITT MORTGAGE SERVICES, LLC sold and assigned its rights under the note and mortgage to Defendant Wells Fargo.

11.   Plaintiff subsequently lost his job, and was forced to secure new employment.  As a result, he found himself unable to make his full monthly mortgage payments as they became due.

12.   In consequence, Plaintiff began splitting his monthly mortgage payments into two portions, paying half on or before the due date, and the remainder approximately fifteen days later.

13.     Each time Plaintiff's monthly payment due date passed, Wells Fargo immediately began

placing automated telephone collection calls to him until the second payment was made,

covering the full payment.

14.     Upon answering any of these calls, the Plaintiff was met with a long period of "dead air"

while the Defendant's telephone system attempted to connect him to a live employee.

15.     When the Plaintiff did not answer these calls, the Defendant would leave an automated,

machine-operated voicemail that spoke as follows:

> This is Sarah from Wells Fargo Home Mortgage, your mortgage
> servicer, calling in regards to your mortgage.  Please call us at 800-
> 678-7986.  Our hours of operation are 7:00 am to 10:00 pm Central
> Time, Monday through Friday, 8:00 am to 6:00 pm Central Time
> on Saturdays, and 1:00 pm to 5:00 pm on Sundays.  This is an
> attempt to collect a debt and any information obtained will be used
> for that purpose.  That phone number once again is 800-678-7986.
> We look forward to talking with you today.  Thank you.

16.     The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers

without any human intervention in the calling process, which the FCC has opined is the

hallmark of an automatic telephone dialing system. See In the Matter of Rules &

Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R.

559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone

Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

17.     In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of

which was made using an automatic telephone dialing system or an artificial or pre-

recorded voice.

18.     Defendant made the aforementioned telephone calls knowing that they were using an

automatic telephone dialing system or an artificial or prerecorded voice to call a cellular

telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

### COUNT I
### VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

19.     Plaintiff incorporates paragraphs 1 through 18 herein.

20.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff RICHARD BRIAN AKERS, requests that the Court enter judgment in favor of Plaintiff and against Defendant WELLS FARGO BANK, N.A. for:

a.      $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b.      $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e.      litigation expenses and costs of the instant suit; and

f.      such other or further relief as the Court deems proper.

### JURY DEMAND

 Plaintiff demands trial by jury.

Dated this 11th day of December, 2013.

BRET L. LUSSKIN, Esq.

4

*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By:  /s/ Bret L. Lusskin, Esq.
    Bret L. Lusskin, Esq.
    Florida Bar No. 28069